UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| S.C.H., a minor, b/n/f/ and mother, ) <br> CAROLYN SUE HILLIARD and ) <br> CAROLYN SUE HILLIARD, individually, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> JOHNSON & JOHNSON, and ) <br> ETHICON, INC., ) <br> ) <br> ) <br> Defendants. ) | Case No. 1:17-cv-8-TAV-SKL |

## **ORDER TO SHOW CAUSE**

On April 16, 2018, the Court entered an order permitting attorney Charles A. Flynn ("Attorney Flynn") and his firm, Patrick, Beard, Schulman, and Jacoway, P.C., to withdraw as counsel of record for S.C.H., a minor ("minor Plaintiff"), and his mother, Carolyn Sue Hilliard ("Plaintiff Hilliard"), individually and as next friend of minor Plaintiff [Doc. 31]. Plaintiff Hilliard advised the Court that she had made some efforts to secure new counsel, but needed additional time to attempt to find new counsel to represent her individually and as next friend to her seven-year-old son, minor Plaintiff.

The Court ordered that this matter be stayed (except for any reply Defendants may file in connection with their then pending motion to dismiss [Doc. 23]) until **May 16, 2018** to protect the

interests of the minor Plaintiff during the attorney search process, but specifically ordered that no pending deadlines in the Scheduling Order [Docs. 11 & 20] were extended. The Court's Order noted that in the event Plaintiff Hilliard was unable to secure new counsel, Plaintiff Hilliard had the option of representing herself on her own claims in this matter; however, Plaintiff Hilliard could not represent minor Plaintiff or otherwise pursue minor Plaintiff's claims without counsel.[1] The Court further ordered that no later than **May 16, 2018,** Plaintiff Hilliard must either (1) have new counsel file a notice of appearance on behalf of Plaintiff Hilliard individually and minor Plaintiff or (2) file a written notice informing the Court how Plaintiff Hilliard intends to proceed in this case with respect to her claims and the claims of minor Plaintiff [Doc. 31 at Page ID # 299]. Plaintiff Hilliard was forewarned that any failure to fully comply with the Order of the Court could result in the imposition of sanctions up to and including the dismissal of her case with prejudice.

To date, Plaintiff Hilliard has failed to make the required filing with the Court. Accordingly, Plaintiff Hilliard **SHALL** file on or before **June 25, 2018**, a response to this order to **SHOW CAUSE** why her case should not be dismissed for failure to prosecute pursuant to Federal

---

[1] Under both Tennessee and federal law, "[p]arents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Vandergriff v. Parkridge Hosp.*, 482 S.W.3d 545, 553 (Tenn. Ct. App. 2015) (citations omitted) (holding that parents "must be licensed to practice law in order to file a complaint" on behalf of their child or "to appear as advocates for her in court"); *see also Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (same rule under federal law). While state and federal rules allow parents to "sue or defend" on behalf of minors, these rules do not "authorize a parent to practice law while acting on behalf of the child." *Vandergriff*, 482 S.W.3d at 553 (discussing Tenn. R. Civ. P. 17.03); *see also* Fed. R. Civ. P. 17(c). Rather, they allow parents to maintain claims on behalf of minors because "minors cannot maintain lawsuits in their own names" or contract with counsel. *Vandergriff*, 482 S.W.3d at 552 (citations omitted).

Rule of Civil Procedure 41(b).[2]  **Any failure to timely file a response showing good cause will result in the dismissal of this action.**

SO ORDERED.

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Under Fed. R. Civ. P. 41(b), the Court is authorized to *sua sponte* dismiss an action for a plaintiff's failure to prosecute the case or to comply with procedural rules or any order of the Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).