UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| SCH, a minor, b/n/f and mother, CAROLYN SUE HILLIARD and CAROLYN SUE HILLIARD, individually, <br><br> Plaintiffs, <br><br> v. <br><br> JOHNSON & JOHNSON, and ETHICON, INC., <br><br> Defendants. | No.: 1:17-CV-8-TAV-SKL |

## **MEMORANDUM OPINION**

This civil case is before the Court on defendants Johnson & Johnson and Ethicon, Inc.'s Motion to Dismiss for Failure to Prosecute and for Failure to Comply with a Court Order [Doc. 34]. Defendants filed this motion in response to plaintiffs' failure to secure new counsel and prosecute this case. For the reasons discussed herein, the Court will grant defendants' Motion to Dismiss.

## I.  Background

Plaintiffs, SCH, a minor, b/n/f and mother, Carolyn Sue Hilliard and Carolyn Sue Hilliard, individually, filed this suit in the Circuit Court of Hamilton County, Tennessee on December 1, 2016, alleging that defendant Ethicon, Inc.'s Prolene Mesh was a defective product due to its "unreasonably dangerous design" and inadequate warning label [Doc. 35, Ex. A]. Plaintiffs further alleged that SCH suffered damages caused by the defective

nature of the Prolene Mesh implanted in his esophagus [*Id.*]. Specifically, the Prolene Mesh allegedly caused a blockage in SCH's esophagus, resulting in his inability to eat or drink fluids [*Id.*]. On January 18, 2017, this case was removed to this Court [Doc. 35].

On January 9, 2018, defendants were told that plaintiffs intended to nonsuit the case [*Id.*]. Then, on January 20, 2018, plaintiffs' counsel, Charles Flynn, informed defendants that he intended to withdraw from the case and that Ms. Hilliard would seek new counsel [*Id.*]. This new information led the parties to agree to an Unopposed Motion for Extension, which was granted on February 13, 2018 [*Id.*]. On February 8, 2018, plaintiffs' counsel's Motion to Withdraw was denied [*Id.*]. On March 2, 2018, defendants filed a Notice of Video Deposition of Carolyn Sue Hilliard, but were forced to cancel [*Id.*]. Defendants then filed a Motion to Dismiss for Lack of Prosecution on March 22, 2018, due to undue delay that defendants attributed to plaintiffs [*Id.*]. Plaintiffs' counsel then filed a second Motion to Withdraw on March 22, 2018, which was granted on April 16, 2018 [*Id.*].

Magistrate Judge Susan K. Lee held a hearing on April 11, 2018, to address plaintiffs' counsel's second Motion to Withdraw [*Id.*]. At this hearing, the Court counseled Ms. Hilliard on the importance of finding new representation [*Id.*]. Due to Ms. Hilliard's previous failed attempts to secure new counsel, the Court stayed the matter for thirty days until May 16, 2018, in order to give Ms. Hilliard enough time to find a new attorney [*Id.*]. However, the Court's April 16, 2018, order warned Ms. Hilliard that failure to either (1) have new counsel file a notice of appearance on behalf of plaintiffs, or (2) file a written

notice informing the Court how she intends to proceed in this case, could result in sanctions up to and including dismissal of her case with prejudice [Doc 31]. Defendants filed this Motion to Dismiss for Lack of Prosecution [Doc. 34] on May 23, 2018, seven days after plaintiffs' deadline. There still has been no notice of appearance by new counsel, written notice of Ms. Hilliard's plan to prosecute this case, or response to defendants' motion to dismiss.

## II. Motion to Dismiss

Defendants filed their Motion to Dismiss under Federal Rule of Civil Procedure 41(b), which states, "If a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" [*Id.*]. Rule 41(b) is available "as a tool to effect 'management of [a court's] docket and avoidance of unnecessary burdens on tax-supported courts [and] opposing parties.'" *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). Before a court may grant a motion to dismiss for failure to prosecute, the court must analyze four factors, which include: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* While none of these factors is outcome

3

dispositive, courts typically dismiss cases "where there is a clear record of delay or contumacious conduct." *Id.*

### A. Willfulness, Bad Faith, Or Fault

A plaintiff's failure to prosecute may be caused by willfulness, bad faith, or fault if her conduct displays "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). However, this does not mean that defendants have to demonstrate that plaintiffs took "any positive steps to delay the trial or prevent it from being reached by operation of the regular machinery of the court." *Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375, 377 (E.D. Penn. 1961). A plaintiff may fail to prosecute her case by doing nothing, "knowing that until something is done there will be no trial." *Id.*

Ms. Hilliard's failure to prosecute her and her son's claims is willful and exhibits disregard toward the progress of these proceedings. Plaintiffs actively participated in litigation prior to the withdrawal of their attorney, Charles Flynn. Since his withdrawal as their attorney, Ms. Hilliard has failed to secure a replacement, and while she may represent herself concerning her own claims, she is unable to represent SCH. Judge Lee warned Ms. Hilliard that this case may be dismissed in her April 16, 2018, order [Doc. 31] advising her of the necessity and importance of securing new representation. Moreover, the order granted Ms. Hilliard leniency by affording her an avenue by which she could continue the

4

action in the event she had not yet found an attorney by the deadline. In this event, she was merely required to file a written notice with the Court explaining her plan going forward.

By failing to have a new attorney file a notice of appearance or failing to file notice of her plan to prosecute this case, Ms. Hilliard willfully failed to comply with an order of the Court. *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (finding that a failure to prosecute includes failing to comply with pre-trial orders). While Ms. Hilliard was a *pro se* litigant at the time of the deadline and remains a *pro se* litigant at this time, there is no reason to grant her the latitude that is usually afforded to *pro se* litigants when it comes to complex, sophisticated legal issues. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). No sophisticated legal issue was involved in complying with the Court's order. Even if Ms. Hilliard was unable to secure a new attorney, she could have complied with the Court's order by filing a written notice informing the Court of her plan to prosecute this case. Her unwillingness to keep the Court updated indicates a willful failure to prosecute.

### B. Prejudice

The second factor is whether the defendants have been prejudiced by the plaintiffs' actions. To demonstrate prejudice, defendants must show more than delay. *Stewart v. Deutsche Bank Nat. Trust Co.*, No. 3:08-cv-475, 2010 WL 1882068, at *2 (E.D. Tenn. May 11, 2010). Instead, defendants must establish that the delay "result[ed] in the loss of

evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). The Sixth Circuit has further explained that prejudice can be created by delay if the defendants "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 739 (6th Cir. 2008).

While defendants were inconvenienced and delayed by plaintiffs' counsel's failure to properly file his withdrawal motion and by Ms. Hilliard's canceled video deposition, these types of delay are to be expected in a civil action. Defendants have failed to show how they have been prejudiced beyond having to wait months for the case to progress. This factor weighs in favor of plaintiffs because defendants suffered no significant prejudice.

**C. Fair Warning**

Less drastic sanctions are ordinarily more appropriate than dismissal in cases where there has been no notice to the plaintiff of the Court's consideration of dismissal as a possible sanction. *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). However, in this case, Ms. Hilliard was notified of the possibility of dismissal by Judge Lee in her order granting plaintiffs' attorney's motion to withdraw [Doc. 31]. The order stated, "Plaintiff Hilliard is forewarned that any failure to fully comply with this order could result in the imposition of sanctions up to and including the dismissal of her case with prejudice" [*Id.*]. In addition, Local Rule 83.13 describes a *pro se* litigant's duty to monitor the progress of

her case and warns her that failure to timely respond to an order may result in dismissal of the case. Ms. Hilliard's disregard of these warnings weighs in favor of granting defendants' motion to dismiss.

> D. **Alternative Sanctions**

While courts should consider sanctions short of dismissal, district courts have the authority to dismiss a complaint "as the first and only sanction." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). This Court has considered alternative solutions and has decided that dismissing plaintiffs' complaint without prejudice strikes the proper balance between "the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant" and "the policy which favors disposition of cases on their merits." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted). Dismissal without prejudice is a particularly appropriate remedy in this case because there is a minor involved. SCH should not be prevented from refiling his claim due to Ms. Hilliard's inaction. However, Ms. Hilliard's disregard of the Court's order indicates that dismissal is proper under Rule 41(b). Further, because plaintiffs did not respond to defendants' motion to dismiss, this Court has discretion to grant defendants' motion as unopposed. E.D. Tenn. L.R. 7.2. ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). Dismissal is therefore appropriate due both to plaintiffs' failure to comply with the Court's order and failure to respond to defendants' motion to dismiss.

## III. Conclusion

For the reasons discussed herein, the Court will **GRANT** defendants Johnson & Johnson and Ethicon, Inc.'s Motion to Dismiss [Doc. 34], in that plaintiffs' claims against Johnson & Johnson and Ethicon, Inc. will be **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              CHIEF UNITED STATES DISTRICT JUDGE